IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Crage Culver, | ) | Civil Action No.: 4:07-00161-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Alvin S. Glenn Detention Center; | ) | |
| Officer Robenson; Stg Bufford; and | ) | |
| Doctor Morris, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Crage Culver, proceeding pro se, filed this action on January 18, 2007. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On April 2, 2007, the Magistrate Judge filed a Report and Recommendation which recommends to this court that the plaintiff's case against the Alvin S. Glenn Detention Center be dismissed without prejudice and without issuance and service of process. Service of process has already been authorized as to the other defendants.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th

Cir. 1983).

On May 4, 2007, the plaintiff filed a letter with the Clerk of Court. The letter does not state that it is intended to be objections.

In the event the plaintiff's filing could be construed as an objection, it does not meet the specificity requirement outlined in Rule 72(b) of the Federal Rules of Civil Procedure.[1] Particularly, the plaintiff has not pointed to a portion of the Magistrate Judge's Report and Recommendation to which he objects. Without specific objection to the Magistrate Judge's reasoning, the court will not discuss the conclusions reached by the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). For the reasons stated above, the court finds that the plaintiff's letter, construed as an attempt to file an objection to the Magistrate Judge's Report and Recommendation, is without merit.

The Court further finds that the action as to the detention center is subject to dismissal on the

---

[1] Rule 72(b) states:

> Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule**.

Fed.R.Civ.P. 72(b) (emphasis added).

basis that the detention center is not a "person" under 42 U.S.C. § 1983. *See* authorities cited in Report.

To the extent that the plaintiff's letter has requested appointment of an attorney, such request is denied. There is no right to appointment of counsel in a Section 1983 case. *See Jamison v. Whittleton*, 2007 WL 188712 (D.S.C. 2007) (No right to counsel in Section 1983 case except in exceptional cases). The Court finds that this case does not involve exceptional circumstances; therefore, the plaintiff's request is denied.

After carefully reviewing the Report, letter construed as an attempted objection, pleadings, and applicable law, the court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein, and overrules any objections. For the reasons stated therein and in this Order, this case is hereby **DISMISSED** as to defendant Alvin S. Glenn Detention Center, without prejudice and without issuance and service of process. The other defendants shall be served in accordance with law.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
May 16, 2007