IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CRAGE CULVER, | ) | Civil Action No. 4:07-00161-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| OFFICER ROBENSON; | ) | |
| SGT. BUFFORD; AND DOCTOR | ) | |
| MORRIS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Crage Culver, filed this action on January 18, 2007, alleging violations of his constitutional rights.[1] During the time of the matters alleged in his complaint, plaintiff was housed at the Alvin S. Glenn Detention Center ("ASGDC").

On July 27, 2007, plaintiff filed a document entitled "Petition and Motion for Injunction." In this document, plaintiff states as follows, quoted verbatim:

> Pursuant to the nurse come at any time. Here A.S.G.D.C. there is no set time nor is any memorandum of availability to detainee's. The plaintiff herein motion for an injunction for the production of the result of the grievance the defendants Robenson & Sergeant Bufford read on or about 12-24-06. The consequently to stop defendants from their continued nonresponse to grievance. Over more or to punulize this facility for having an grievance procedure in name only. (Sic)

(Document # 22).

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

Defendants filed a response to this motion in opposition arguing plaintiff has failed to establish any substantiated facts that support his conclusory allegation regarding the inmate grievance procedure at the Alvin S. Glenn Detention Center. ("ASGDC"). Defendants argue plaintiff has merely asserted unsubstantiated claims that appear to be an attempt to try his underlying case in the form of a motion for preliminary injunction. Further, defendants assert plaintiff has failed to establish the likelihood of success on the merits, has failed to demonstrate the likelihood of irreparable harm occurring in the absence of a preliminary injunction, seeks a mandatory injunction which is disfavored under the law, and the circumstances presented by the plaintiff, even if proven true, do not constitute the type of exigent circumstances necessary to warrant the drastic remedy of a preliminary injunction.

Plaintiff's claims for injunctive relief are now moot in that plaintiff was transferred from the ASGDC. Plaintiff filed a notice of change of address with the court on August 14, 2007. (Document #27). Claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition complained of. Williams v. Griffin, 952 F.2d 820, 825 (4th Cir. 1991); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983). Accordingly, it is recommended that plaintiff's motion for injunctive relief (document #22) be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 5, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**